(69 App. Div. 601.)

## IVES v. STRIKER.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

EXECUTORS—POSSESSION OF CHATTELS—ESTOPPEL TO CLAIM.

Where chattels alleged to have been given to the wife were in the husband's possession at his death, and came into the possession of his executor without claim by the wife, and she made no objection to his accounting on sale of the same, though appearing by attorney, she is estopped to charge him therefor.

Appeal from special term.

Action by Lillian Gertrude Ives against George W. Striker. From a judgment in favor of plaintiff on an agreed statement of facts, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thompson & Koss, for appellant.

F. X. Donoghue, for respondent.

PER CURIAM. We think that the plaintiff is precluded on the doctrine of equitable estoppel, and that the defendant is not chargeable with any legal fault. The chattels were given to the plaintiff by her husband in his lifetime, but they were found by the defendant, with other similar chattels, in the possession of the husband at the time of his death, and so they came into the possession of the defendant as executor. The plaintiff never laid claim to them, and there was no earmark upon any of them to indicate either her ownership of or claim thereto. After a year had passed, the defendant sold the chattels of his testator, and among them were the chattels in suit. He filed his account, which showed such sale, and described therein the chattels in general terms. The carriage described in the complaint as a stanhope was thus described in the account, and it was the only vehicle of such description. The plaintiff appeared by attorney on the accounting, made no objection thereto, and permitted it to go to a final decree. Besides these things she must have known that throughout all the time someone was paying for the keep of the horse. On the other hand, the defendant received the chattels in the natural course, and disposed of them as warranted by law. In the absence of all notice, he had the right to assume that they were the property of his testator. Nothing occurred which suggested the title in another or the claim thereof by another. He was not bound, under the circumstances, to inquire. Moreover, inquiry would be a vain thing, in the absence of any clue or indication of its proper direction.

The judgment should be reversed, and a new trial granted, costs to abide the event.